IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | No. 3:20-CR-99-TAV-HBG |
| ANDREW LYNN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion to Continue Trial Setting and All Corresponding Deadlines [Doc. 10], filed on December 7, 2020. The Defendant asks the Court to continue the January 12, 2021 trial date, based upon the Court's Standing Order continuing all jury trials through January 15, 2021, and to permit effective preparation. The motion relates that additional time is needed for defense counsel to review discovery, to research and prepare pretrial motions, to investigate evidence, and prepare the case for trial. Defendant requests a new trial date in the spring of 2021, acknowledging that scheduling in this case may be further affected by the COVID-19 pandemic. The motion relates that the Government does not oppose the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of April 27, 2021.

The Court finds Defendant Lynn's motion to continue the trial and schedule is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a

speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the January 12, 2021 trial date must be continued pursuant to the Standing Orders of this Court. On November 30, 2020, Chief United States District Judge Travis R. McDonough entered Standing Order 20-21, which continues all jury trials between November 30, 2020, and January 15, 2021. This Order states that due to the "reduced ability to obtain an adequate spectrum of jurors and the risks posed to the jurors and the public due to the increased prevalence of COVID-19 in all divisions, the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial." E.D.TN SO-20-21. In the Standing Order, the Court finds the time between November 30, 2020, and January 15, 2021, to be excluded under the Speedy Trial Act. E.D.TN SO-20-21.

Additionally, the Court observes that additional time is necessary to prepare this case for trial. Defendant Lynn is charged with forty counts of healthcare fraud allegedly occurring between January 2009 and August 7, 2018 [Doc. 3]. Defendant first appeared on November 5, 2020. Defense counsel states that additional time is needed to provide zealous representation to the Defendant. The Court finds that counsel needs time to review the discovery and investigate the facts of the case, to confer with the Defendant, to prepare and litigate motions, and to prepare the case for trial. These trial preparations cannot be concluded by the January 12 trial date or in less than four months. Thus, the Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial and schedule [**Doc. 10**] is **GRANTED**. The trial of this case is reset to **April 27, 2021**. The Court finds that all the time between the filing of the motion on December 7, 2020, and the new trial date of April 27, 2021, is fully excludable time

2

Case 3:20-cr-00099-TAV-HBG   Document 11   Filed 12/28/20   Page 2 of 3   PageID #: 41

under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B); E.D.TN SO-20-21. The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) The Defendant's Motion to Continue Trial Setting and All Corresponding Deadlines [**Doc. 10**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **April 27, 2021**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **December 7, 2020**, and the new trial date of **April 27, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **January 19, 2021**;

(5) Responses to motions are due on or before **February 2, 2021**;

(6) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 26, 2021**;

(7) The deadline for filing motions *in limine* is extended to **April 12, 2021**;

(8) The parties are to appear before the undersigned for a final pretrial conference on **April 13, 2021, at 11:00 a.m.**; and

(9) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **April 16, 2021**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
H. Bruce Guyton
United States Magistrate Judge