IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | No. 3:20-CR-99-KAC-HBG |
| ANDREW LYNN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On March 30, 2021, the parties appeared telephonically for a motion hearing on the Defendant's unopposed Motion to Continue Trial Setting and All Corresponding Deadlines [Doc. 21], filed on March 12, 2021. Assistant United States Attorney Cynthia F. Davidson appeared by telephone on behalf of the Government. Attorney Wade V. Davies appeared by telephone on behalf of Defendant Andrew Lynn, whose attendance was excused.

In his motion, the Defendant asks the Court to continue the April 27, 2021 trial date, to give the parties time to explore a negotiated resolution or changes to the charges, before litigating the pending dispositive motions. Defendant Lynn has filed a motion to suppress evidence [Doc. 13] and a motion to dismiss the charges [Doc. 15]. The motion relates that defense counsel will also need time to prepare the case for trial once the dispositive motions are litigated. The motion states that the Government does not oppose the requested relief. In the telephonic hearing, counsel agreed that while a hearing on the pending motions may ultimately be necessary, deferring the

hearing to permit counsel to explore plea negotiations and potential changes to the charges would serve judicial economy. Counsel agreed on a new trial date of December 7, 2021.

The Court finds Defendant Lynn's motion to continue the trial and schedule is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that additional time is necessary to litigate pretrial motions and prepare this case for trial. Defendant Lynn is charged with forty counts of healthcare fraud allegedly occurring between January 2009 and August 7, 2018 [Doc. 3]. The parties contend that ongoing plea negotiations may result in the Government seeking a superseding indictment, which will affect the Defendants' arguments in his motion to dismiss. In this regard, the Court set a status conference for June 7, 2021, at 11:00 a.m., to discuss the status of the pending motions and, if necessary, to set deadlines for responses and additional briefing, as well as a hearing. The Court finds that litigation of the pending motions cannot occur before the April 27 trial date or in less than six months. Once the parties receive a ruling on the dispositive motions, they will need time to prepare for trial. Thus, the Court concludes that without a continuance, counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial and schedule [**Doc. 21**] is **GRANTED**. The trial of this case is reset to **December 7, 2021**. The Court finds that all the time between the filing of the motion on March 12, 2021, and the new trial date of December 7, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) The Defendant's Motion to Continue Trial Setting and All Corresponding Deadlines [**Doc. 21**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **December 7, 2021**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **March 12, 2021**, and the new trial date of **December 7, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Counsel are to appear for a telephonic status conference on **June 7, 2021, at 10:00 a.m.** At this time, the Court will set additional briefing deadlines and a hearing on the pending pretrial motions, if needed;

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 8, 2021**;

(6) The deadline for filing motions *in limine* is extended to **November 22, 2021**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **November 23, 2021, at 11:00 a.m.**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **November 26, 2021**.

**IT IS SO ORDERED.**

ENTER:

Bruce Guyton
United States Magistrate Judge