IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 3:20-CR-99-KAC-JEM |
| ANDREW LYNN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate.

This case is before the Court on Defendant's Motion to Continue Trial Setting and All Corresponding Deadlines [Doc. 31], filed on May 13, 2022. Defendant asks the Court to continue the June 14, 2022, trial date and to extend all the corresponding deadlines. Defendant states that he has been charged in a forty-count indictment alleging health care fraud in violation of 18 U.S.C. § 1347 [*See* Doc. 3]. Defendant explains that this case is unique in that it is unlikely to be tried because the parties are in good faith negotiations regarding a potential resolution of this matter. To that end, Defendant states he has made a proposal to the Government that is pending approval, but that process is not yet complete. The Court previously allowed Defendant to withdraw his pretrial motions [Docs. 13 & 15] without prejudice subject to being refiled two weeks after the expiration of the deadline for filing a plea agreement or any extension of that deadline or of the filing of a superseding indictment, whichever is earlier [*See* Doc. 30]. Defendant states that, because the plea deadline expired on May 16, 2022, he requests an extension of that deadline so that his motions will not need to be refiled unnecessarily.

Defendant states that in the unlikely event there is no resolution of this matter, his counsel will need additional time to prepare for trial after any potential superseding indictment and/or the resolution of any pretrial motions. Defendant states that the additional time would be excludable pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv). Defendant submits that the ends of justice served by granting a continuance outweigh the interest of Defendant and the public in a speedy trial [Doc. 31 p. 1 (citing 18 U.S.C. § 3161(h)(7)(A))].

The Court ordered the Government to respond to Defendant's motion [Doc. 32], and the Government did so on May 20, 2022 [Doc. 33]. The Government states it does not oppose the motion and that it should be granted, as it is in the interest of justice. The parties have conferred with Chambers and have agreed on a new trial date of December 13, 2022.

The Court finds Defendant's Motion to Continue Trial Setting and All Corresponding Deadlines [Doc. 31] is unopposed by the Government and well taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion, the parties are actively engaged in good-faith negotiations regarding a potential resolution of this matter; however, more time is needed to complete those negotiations and for the Government to review Defendant's proposal. If those discussions prove unfruitful, Defendant will need additional time to prepare this case for trial. Thus, the Court concludes that without a continuance, Defendant would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence, and the failure to grant a continuance in this proceeding would likely result in a miscarriage of justice. *See* 18 U.S.C. §§ 3161(h)(7)(B)(i) & (iv).

Defendant's Motion to Continue Trial Setting and All Corresponding Deadlines [**Doc. 31**] is **GRANTED**. The trial of this case is reset to **December 13, 2022**. The Court finds all the time

2

Case 3:20-cr-00099-KAC-JEM   Document 35   Filed 05/25/22   Page 2 of 3   PageID #: 109

between the filing of the motion on May 13, 2022, and the new trial date of December 13, 2022, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. §§ 3161(h)(1)(D) & (h)(7)(A)–(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Continue Trial Setting and All Corresponding Deadlines [**Doc. 31**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **December 13, 2022, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **May 13, 2022**, and the new trial date of **December 13, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing pretrial motions and for refiling the withdrawn pretrial motions is **July 1, 2022**, and responses will be due **July 15, 2022**. **Any necessary hearing on pretrial motions** will be set at a later date;

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 11, 2022**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **November 30, 2022, at 10:00 a.m.**;

(7) The deadline for filing motions *in limine* is **November 28, 2022**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **December 2, 2022.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge